UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
DEAN W. ANDERSON, TRUSTEE OF      )
THE CRYSTAL REALTY TRUST,         )
          Plaintiff,              )
                                  )
     v.                           )
                                  )
ROBERT OVERHOLTZER, RONALD        )    C.A. No. 11-11327-MLW
HERLET, and GARY EDWARDS, as      )
they are members of the Town      )
of Hanson Zoning Board            )
of Appeals, and BUILDING          )
COMMISSIONER OF THE TOWN OF       )
HANSON,                           )
          Defendants.             )
```

ORDER

WOLF, D.J.                                              August 15, 2012

On June 29, 2012, this court allowed counsel for plaintiff Dean W. Anderson, Trustee of the Crystal Realty Trust, to withdraw. Because plaintiff is a trustee, however, the court ruled that plaintiff could not proceed pro se as requested and ordered the plaintiff to cause new counsel to appear by August 3, 2012, or risk dismissal of the case.

On July 30, 2012, the court denied plaintiff's Motion for Reconsideration of the Motion to Withdraw. If new counsel did not appear by August 3, 2012, the court ordered plaintiff to file an affidavit explaining what efforts he had made to obtain new counsel and whether there was a realistic chance that he would be able to do so if given a brief extension of time.

1

Plaintiff has not caused new counsel to appear and has not filed the required affidavit. Therefore, this case is subject to being dismissed.

However, there may be an exception to the rule that a trustee cannot represent a trust <u>pro se</u> where the trustee is also the sole beneficiary of the trust. <u>See</u> <u>Kitras v. Town of Aquinnah</u>, 379 F. Supp. 2d 81, 82-83 (D. Mass. 2005); <u>cf.</u> <u>Guest v. Hansen</u>, 603 F.3d 15, 17, 21 (2d Cir. 2010) (administrator of estate may represent estate <u>pro se</u> where administrator is estate's sole beneficiary). If this is such a case, the court will consider allowing the plaintiff to represent the trust in this litigation.

Therefore, it is hereby ORDERED that, by August 24, 2012, plaintiff shall file an affidavit stating whether he is the sole beneficiary of the Crystal Realty Trust, accompanied by a copy of the document establishing the trust and naming the beneficiaries. A failure to respond to this Order will result in the dismissal of this case.

      /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE